[No. 382. January Term, 1891.]

## TRINIDAD ALARID, AUDITOR, ETC., PLAINTIFF IN ERROR, v. EUGENIO ROMERO, DEFEND-ANT IN ERROR.

MANDAMUS—ERROR—SUPERSEDEAS.—On appeal by writ of error, by the
auditor of public accounts, from a peremptory writ of mandamus
issued against him, commanding him to audit and allow certain
claims of the sheriff of San Miguel county against the territory—
Held: The court erred in granting the peremptory writ of manda-
mus. The appeal does not operate as a supersedeas; and the auditor
having, in obedience to the mandate of the court, audited and allowed
the claims, the writ will be dismissed at the cost of the sheriff, with-
out inquiry as to the particular items allowed as charges against the
territory.

ERROR, from a judgment for plaintiff, to the
Fourth Judicial District Court, San Miguel County.
Judgment reversed.

The facts are stated in the opinion of the court.

EDWARD L. BARTLETT, solicitor general, for the
plaintiff in error.

Only the charges of holding and maintaining the
district court are to be paid by the territory. Comp.
Laws, sec. 540.

The expense of providing a place for the holding of the court, and for the officers and jurors is to be borne by the county in which the court is held. Comp. Laws, secs. 345, 546, 186.

The duties of the auditor are not ministerial, but quasi judicial. He is authorized to subpoena witnesses, administer oaths, and take evidence touching any claim "in the same manner as courts of law may do." Comp. Laws, 1884, sec. 1762.

A mandamus can not control judicial discretion. Comp. Laws, 1884, sec. 1993. Nor direct what a judicial officer shall do. The extent to which the mandamus can go is to order him to act. Territory v. Ortiz, 1 N. M. 5–16; Life and Fire Ins. Co. v. Adams, 9 Pet. 573; State ex rel. State Journal Co. v. McGrath, secretary of state, S. W. Rep. (Mo.) 846; People v. Chapin, 10 N. E. Rep. (N. Y.) 141; State v. Deane, 1 Southern Rep. (Fla.) 698; Reeside v. Walker, 11 How. (U. S.) 290, and cases cited.

The auditor is prohibited from auditing, and the treasurer from paying, any accounts for which an appropriation has not been made by the legislature. Comp. Laws, secs. 1767, 1768.

Any violation of these statutes is punishable by fine and removal from office. Comp. Laws, sec. 1772.

The writ of mandamus may issue "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, and station." The acts sought to be compelled here are not "specially enjoined as a duty," but so far from that are specially prohibited. Comp. Laws, secs. 1767, 1768.

G. W. PRICHARD for defendant in error.

FREEMAN, J.—This was an action of mandamus instituted by the defendant in error against the plaintiff in error. The alternative writ of mandamus allowed by the lower court was as follows:

"The territory of New Mexico, to Trinidad Alarid, auditor of public accounts, territory of New Mexico: Whereas, Eugenio Romero, sheriff of San Miguel county, in said territory, has this day presented to the judge of the Fourth judicial district court of said territory, at chambers, his petition, in which it is recited that, as such sheriff, he holds certain certificates of allowance made by the court against the territory, and by the court of the First judicial district of said territory, for fees and money laid out and expended in and about his office as such sheriff in said county as required by law, said certificates bearing upon their face the following numbers and amounts, to wit: No. ——, Santa Fe county, $76.25; No. 25, San Miguel county, $12; No. 22, San Miguel county, $81; No. 20, San Miguel county, $76; No. 8, Lincoln county, $83; No. 2, Lincoln county, $400.75, and that you, as the auditor of public accounts for said territory, have refused at divers times, and still refuse, to audit said allowances, as shown by said certificates, and issue warrants therefor, in the name of the territory and against the treasurer thereof, as required by law, and for further information as to the recitals of said petition, reference is had to a copy of the same, attached thereto, and made a part hereof. Now, therefore, we, being willing that speedy justice be done in this behalf to him, the said Eugenio Romero, sheriff as aforesaid, held by the said Eugenio Romero, sheriff as aforesaid, and that you do take up said certificates of allowances, and that you do issue therefor the territory's warrant as auditor of public accounts against the treasurer of said territory for the full amount thereof of each and every of the same, or to show cause to the contrary before the court on the fourteenth day of May, 1888, at the court-house in the said county of San Miguel, and how you shall have executed this, our writ, make known at the time and place aforesaid, and have you also then and

there this writ. Witness the Hon. Elisha V. Long, chief justice of the supreme court of the territory of New Mexico, and judge of the Fourth judicial district court thereof.

[SEAL]          "R. M. JOHNSON, Clerk."

To which said writ was attached the following petition:

"Territory of New Mexico, county of San Miguel. In the district court for the Fourth judicial district of the territory of New Mexico, sitting in and for the county of San Miguel, for the trial of causes arising under the laws of said territory. To the Hon. Elisha V. Long, chief justice of the supreme court of the territory of New Mexico, and judge of the Fourth judicial district thereof: Your petitioner, Eugenio Romero, the duly commissioned and acting sheriff, and a resident of the county of San Miguel, in said territory, complaining of Trinidad Alarid, the auditor of public accounts of said territory, and a resident of the county of Santa Fe, therein, humbly shows unto your honor that your petitioner, as such sheriff for said county, in and about the business of the district court in and for the same, has been compelled by virtue of his office to lay out and expend large sums of money, and has performed the hereinafter mentioned services, for which your petitioner at divers times made the following charges against the said territory, to wit:

"For fees and expenses in taking one William Green, a prisoner, from Las Vegas to Santa Fe, New Mexico, and return, by order of the court in the month of August, A. D. 1887, the amount allowed by law, and duly approved by the court, being seventy-six dollars and twenty-five cents; for fees and allowances for opening jury lists at the September, October, and November terms of the Colfax, Mora, and San Miguel district courts for the year 1887, the amount allowed by law, and approved by the court, being twelve dollars; for

amount paid to janitor at Las Vegas as a necessary court expense for services in and about the court in the year of 1887, the amount allowed by law, and approved by the court, eighty-one dollars; for horse hire and pay of extra deputy during the November term, 1887, of the San Miguel county district court as extra and necessary court expenses, the amount allowed by law, and approved by the court, being five hundred and seventy-six dollars; for furniture and painting furnished by your petitioner for the Fourth judicial district court for said last named county, the same being necessary and by order of the court, the amount allowed and approved by the court in the year 1887, being four hundred and eighty dollars and twenty-five cents.

"Your petitioner hereto attaches a true copy of the foregoing orders of allowances by the court of the said charges. Your petitioner shows that each and every of the above charges were for money laid out and expended for services rendered by your petitioner and his deputies, as required by law; and that thereafter each and every of said charges were duly presented in open court for allowance, and approved; and that, after the same were carefully inquired into and investigated by the court, the same were duly approved and ordered to be paid; and that the clerk of the said district court in and for the county of San Miguel and territory aforesaid was ordered to make a certificate or certificates to your petitioner bearing the following numbers and amounts: Certificate No. 25, $12; certificate No. 22, $81; certificate No. 20, $576; certificate Nos. 8, 9, $83.50 and $400.07; certificate No. ——, from Santa Fe county, $76.25, showing upon the face thereof that each of said charges had been allowed as aforesaid. And your petitioner further shows that the defendant herein named is the auditor of public accounts in and for said territory, and as such the law of said territory enjoins upon him the duty of auditing

the charges allowed as aforesaid, and, in the name of the territory, to issue his warrants therein against the treasurer of said territory. That your petitioner, after the allowances of his said claims by the court aforesaid, to wit, on the —— day of January, A. D. 1888, and on divers days thereafter, presented, and caused to be presented, to the said auditor at his office said certificates of allowance, and demanded, and caused to be demanded, of said auditor the issuance of the proper warrants for the same. That it has now been something over four (4) months since he first made said demand. That he has frequently appeared in person before said auditor with said certificates; has sent his agent; and has also written and otherwise requested the issuance of the warrants due him as aforesaid as the law requires; yet the said Trinidad Alarid then and there wholly refused, and still refuses, to receive said certificates of allowances, or any of them, or to issue to your petitioner warrants therefor, or to otherwise perform the official duty enjoined upon him as the auditor of public accounts, by means whereof your petitioner has been prevented, and is still prevented, from receiving the warrants due him, and from receiving the money due for money laid out and expended for services rendered as aforesaid, to all of which he is justly and lawfully entitled. Wherefore your petitioner prays a writ of mandamus directed to the said Trinidad Alarid, as auditor of public accounts for said territory, commanding him to forthwith receive each and every of said certificates so held by your petitioner, and to audit the same, and to issue thereon the territory's warrants against the treasurer of said territory for the full amounts thereof as required by law, and that said defendant be required to make due return to the writ of mandamus that may issue out of this court at such time and place as the court may order, and that, upon the final hearing hereof, said writ be made peremp-

tory, and that your petitioner be granted such other and further relief as he is entitled to, and as justice may require.

> "G. W. PRICHARD,
> "L. C. FORT,
> "Attorneys for Plaintiff."

To the said alternative writ and petition, the plaintiff in error filed the following answer:—

"In the District Court, County of San Miguel, May Term, 1888.

"Eugenio Romero, sheriff of the county of San Miguel, v. Trinidad Alarid, auditor of Public Accounts of the territory of New Mexico.

"Now comes the said defendant by the attorney general of the territory of New Mexico, and for answer to the said writ, and to the petition and exhibits thereto attached, says that he admits that said plaintiff holds certain certificates of allowances made by the court of the First judicial district against said territory, and that such certificates bear upon their faces the number and amounts stated in said writ, but he denies that he has ever refused to audit said allowances, and states the fact to be that he has audited the claims of said plaintiff, and, with one exception, has disallowed the claims referred to in said writ, and has refused, and still refuses, to issue warrants therefor against the treasurer of said territory. He further says that the exception referred to above is as to the item of $12, which in said petition is stated to be for fee allowances for opening jury lists, while in the copy of the certificate of allowance attached to said petition it appears to be for summoning extra talesmen for petit jury and commissioners for selecting juries. Defendant is therefore unable to know which of these allowances is brought in question, but states that he has allowed both of them, and has issued, or is ready to issue, warrants therefor. Defendant further says that he has

disallowed the claim of said plaintiff for fees and expenses in taking one William Green, a prisoner, from Las Vegas to Santa Fe, New Mexico, and return, by order of the court, in the month of August, 1887, because it is not a proper charge against said territory, but, by express statutory provision, is a charge to be paid by the county whence said prisoner was sent. Defendant further states that he has disallowed the claim of the plaintiff for the amount allowed by the court to one Cristobal Beltran for janitor, because it appears from the certificate of allowance that said person was employed in and about offices situate in the courthouse (being a county building) and the courthouse for the county of San Miguel, the expense of caring for which is properly chargeable to said county of San Miguel only, and not to the territory of New Mexico. Defendant further says that he has disallowed the claim of plaintiff for the sum of five hundred and seventy-six dollars for bailiffs and horse hire at the November term of 1887 of this court, because he has already audited and allowed the claims of four bailiffs for services at said term of court, and drawn warrants therefor on the territorial treasurer, the statute of the territory prohibiting the appointment of more than four such officers, and also because the horses whose hiring and use are implied were used only for the purpose of enabling the sheriff, by himself or by his deputies, to serve process of this court in different parts of the county, for which service said sheriff is allowed and authorized by law to charge the usual amounts for fees and mileage, and to pay him for his horse hire would allow him to receive double for such services. Defendant further says that he has disallowed the claim of said plaintiff for four hundred and eighty-four dollars and twenty-five cents for furniture and painting, because it appeared from the itemized bill presented to

the defendant for four hundred dollars and seventy-five cents of said amount, and from the certificate for the remainder thereof, that said claim was for expenses which should have been made, if proper at all, either by the clerk of this court and by the statute of the territory, paid by the counties of this judicial district, or should have been made and paid by the county of San Miguel, and because said claim, if proper at all, should have been made by the court for the county of San Miguel, where said amount is claimed to have been originated, and not by the court for Lincoln county; and defendant further says that said claim is extraordinarily extravagant. Defendant denies that the said charges so by him disallowed, or any thereof, were for money laid out or expended, or for services rendered, as required by law; and he denies that the same, or any thereof, were carefully inquired into and investigated by the court; and he avers that said claims and all of them were passed without investigation by the court, and as a matter of course, and that the attention of the court was in no manner called or directed to the impropriety and illegality of the same. Wherefore defendant prays for judgment of the court that the said claims of the said plaintiff set out in said writ, petition and exhibits, with the exception of the said item of $12, are not proper legal charges against the said territory of New Mexico, and ought not to be allowed by the defendant as auditor of public accounts, and that he may be hence dismissed, with his costs.

"M. A. BREEDEN, A. A. G., for auditor."

Upon the issues thus presented, the court caused to be entered the following judgment:

"Eugenio Romero v. Trinidad Alarid, auditor. Mandamus. No. 3116.

"On reading and filling the answer of the defendant in this cause to the alternative writ of mandamus heretofore issued in this cause, and also the motion of

the plaintiff herein to quash and strike out said answer, and for the issue of a premptory writ of mandamus in this cause, for the purposes and in the manner as prayed in the petition of the said plaintiff, and the counsel for the said plaintiff, as well as for the said defendant, having been heard, and the court, being now sufficiently advised in the premises, doth grant said motion as to the quashing of the said answer, and the issuing of the said peremptory writ of mandamus concerning the following items, to wit: No. 4, county of Santa Fe, $76.25; No. 25, San Miguel county, $12.00; No. 22, San Miguel county, $81.00; No. 20, San Miguel county, $288.00; No. 8, Lincoln county, $83.50; No. 2, Lincoln county, $400.75,—and as to the issuing of said mandamus concerning the said item of horse hire embraced in No. 20, San Miguel county, amounting to $288.00, is disallowed, and doth deny said motion. It is therefore ordered and adjudged that the said answer be, and the same hereby is declared quashed and stricken out, and that a peremptory writ of mandamus be allowed in this cause, and that the same issue forthwith against the said defendant, commanding him forthwith, as auditor of public accounts of the territory of New Mexico, to receive each and every certificate of allowance in said alternative writ of mandamus mentioned and held by said plaintiff, except the sum of $288.00 out of certificate No. 20, San Miguel county, being the allowance for horse hire to said plaintiff, and to take up said certificates of allowance, and issue therefor, as said auditor of public accounts of said territory, and said territory's warrants against the treasurer of said territory for the full amount of each and every one of said certificates of allowance except the sum of $288.00 out of certificate No. 20, San Miguel county, as aforesaid. It is further ordered and adjudged that service of said peremptory writ of mandamus be made forthwith by A. D. Clarke,

of the county of San Miguel, by delivering a true copy thereof to said defendant in person, or, if said defendant shall not be found in said county of Santa Fe, then by delivering a true copy of said writ to some person over the age of fifteen years at the usual place of business or abode of said defendant in the county of Santa Fe, territory of New Mexico. It is further ordered and adjudged that the said defendant make return of this writ, and due obedience to its commands, before this court on the 30th day of July, 1888, at 10 o'clock A. M. of said day at the court house at Las Vegas, New Mexico, for the district court of the county of San Miguel, territory aforesaid.

"ELISHA V. LONG, Chief Justice."

In this, we think, there was error. In view of the fact, however, that the appeal did not operate as a MANDAMUS: error: supersedeas, and that therefore the man-date of the court was obeyed, and the several certificates audited and allowed, it is immaterial now to inquire minutely into the several matters of controversy, in order to ascertain and point out the particular items which were improperly allowed as charges against the territory. The judgment must be reversed, and the writ dismissed at the cost of the defendant in error, and it is so ordered.

O'BRIEN, C. J., and McFIE, LEE, and SEEDS, JJ., concur.